**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jason Lamon KELLY, Defendant–**
**Appellant.**

No. 12–7708.

United States Court of Appeals,
Fourth Circuit.

Submitted: Feb. 21, 2013.

Decided: Feb. 25, 2013.

Jason Lamon Kelly, Appellant Pro Se.
William Ellis Boyle, Office of the United
States Attorney, Raleigh, North Carolina,
for Appellee.

Before AGEE and DAVIS, Circuit
Judges, and HAMILTON, Senior Circuit
Judge.

**PER CURIAM:**

Jason Lamon Kelly seeks to appeal the
district court's order denying relief on his
28 U.S.C.A. § 2255 (West Supp.2012) mo-
tion. The order is not appealable unless a
circuit justice or judge issues a certificate
of appealability. 28 U.S.C. § 2253(c)(1)(B)
(2006). A certificate of appealability will
not issue absent "a substantial showing of
the denial of a constitutional right." 28
U.S.C. § 2253(c)(2) (2006). When the dis-
trict court denies relief on the merits, a
prisoner satisfies this standard by demon-
strating that reasonable jurists would find
that the district court's assessment of the
constitutional claims is debatable or
wrong. *Slack v. McDaniel,* 529 U.S. 473,
484, 120 S.Ct. 1595, 146 L.Ed.2d 542
(2000); *see Miller–El v. Cockrell,* 537 U.S.
322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d
931 (2003). When the district court denies
relief on procedural grounds, the prisoner
must demonstrate both that the dispositive
procedural ruling is debatable, and that
the motion states a debatable claim of the
denial of a constitutional right. *Slack,* 529
U.S. at 484–85, 120 S.Ct. 1595.

We have independently reviewed the
record and conclude that Kelly has not
made the requisite showing.* According-
ly, we deny a certificate of appealability
and dismiss the appeal. We dispense with
oral argument because the facts and legal
contentions are adequately presented in
the materials before this court and argu-
ment would not aid the decisional process.

*DISMISSED.*

---

* Kelly does not challenge the basis of the dis-
trict court's decision but raises new issues on
appeal. We generally do not consider new
arguments raised for the first time on appeal.
*See United States v. Edwards,* 666 F.3d 877,
887 (4th Cir.2011). "Exceptions to this gen-
eral rule are made only in very limited cir-
cumstances, such as where refusal to consider
the newly-raised issue[s] would be plain error
or would result in a fundamental miscarriage
of justice." *Muth v. United States,* 1 F.3d 246,
250 (4th Cir.1993). We conclude that the
exceptions do not apply here.